UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────────

ERNEST MATTISON,

                                Plaintiff,

              v.                                                    9:17-CV-1198
                                                                   (TJM/ATB)

V. JOHNSON, et al.,

                                Defendants.

─────────────────────────────────────

APPEARANCES:

ERNEST MATTISON
09-A-3287
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929


THOMAS J. McAVOY
Senior United States District Judge

## DECISION AND ORDER

## I.    INTRODUCTION

        Plaintiff Ernest Mattison commenced this action by filing a pro se complaint pursuant

to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma

pauperis ("IFP").  Dkt. No. 1 ("Compl."); Dkt. No. 12 ("IFP Application").  By Decision and

Order filed February 21, 2018, plaintiff's IFP Application was granted but following review of

the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), some of

plaintiff's claims and defendants were dismissed and the Court directed service and a

response for the claims that survived sua sponte review.  Dkt. No. 13 (the "February 2018

Order").

Presently before the Court is (1) plaintiff's amended complaint, wherein plaintiff also requests appointment of counsel, and (2) plaintiff's letter motion requesting that the Court consider certain documents in support of his claims.  Dkt. No. 20 ("Am. Compl."); Dkt. No. 17 ("Letter Motion").

II.    **DISCUSSION**

    A.    **Original Complaint**

In his original complaint, plaintiff asserted claims arising while he was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Clinton Correctional Facility ("Clinton C.F.").  *See generally* Compl.

The complaint was liberally construed to assert the following claims: (1) Eighth Amendment medical indifference claims against defendants Johnson, Calley, John Doe Director of Dental Care ("Director John Doe") and Medical Escort Officer John Doe ("Officer John Doe"); and (2) Fourteenth Amendment equal protection claims against defendants Johnson, Calley, Corrections Officer John Doe, and Director John Doe.  *See* February 2018 Order at 6.

Following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court dismissed without prejudice plaintiff's Fourteenth Amendment equal protection claims against all of the defendants, as well as plaintiff's Eighth Amendment medical indifference claims against Director John Doe and Officer John Doe.  *See* February 2018 Order at 8-14.  Plaintiff's Eighth Amendment medical indifference claims against defendants Johnson and Calley were found to survive sua sponte review and to require a response.  *Id*. at 8-9.  The Court dismissed Director John Doe and Officer John Doe as defendants from the action without prejudice.  *Id*. at 15.

2

Because plaintiff is proceeding in forma pauperis and is an inmate suing government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

**B.    Review of the Amended Complaint**

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the February 2018 Order and it will not be restated in this Decision and Order.  *See* February 2018 Order at 2-4.

Plaintiff's amended complaint is substantially the same as his original complaint with minor exceptions.  *Compare* Compl. *with* Am. Compl.  First, the amended complaint includes some additional allegations, with attached exhibits, mostly in support of plaintiff's claims against Director John Doe.  *See generally*, Am. Compl.  Second, the amended complaint deletes all of the Fourteenth Amendment claims, as well as the Eighth Amendment claim against defendant Corrections Officer John Doe.  *Id*.  The remainder of the amended complaint asserts the same Eighth Amendment medical indifference claims that were set forth in the original complaint, including the medical indifference claim against Director John Doe that was previously dismissed by the February 2018 Order.  *Id*.  For a more complete statement of plaintiff's claims, refer to the amended complaint.

**1. Director John Doe**

In the February 2018 Order, the Court dismissed without prejudice plaintiff's Eighth Amendment medical indifference claim against Director John Doe based on a finding that the original complaint failed to allege facts plausibly suggesting that Director John Doe was personally involved in the alleged inadequate dental treatment plaintiff has received.  *See*

3

February 2018 Order at 9-10.  Specifically, the Court stated that there were "no facts alleged in the complaint which plausibly suggest that defendant Director John Doe knew that plaintiff sought medical treatment yet refused to ensure that plaintiff received treatment, or that Director John Doe was in any way responsible for the alleged lack of treatment."  *Id*.

In the amended complaint, plaintiff now alleges that Director John Doe "has not helped [plaintiff] address a painful tooth which has been broken of[f] in [his] gum since 2013." Am. Compl. at 4.  Plaintiff further alleges that he has filed "many grievance[s]" since arriving at Clinton C.F. in 2015 asking for his tooth to be removed, and the delay in addressing this issue has caused plaintiff's gums to grow over the broken tooth.  *Id*. at 4-5.  Attached to the amended complaint is decision from the Central Office Review Committee regarding a dental care grievance plaintiff filed on December 12, 2016, which decision is based in part on the "recommendation of the Dental Director[.]"  *Id*. at 10.  Plaintiff has also alleged that he is now scheduled for oral surgery to have the tooth removed, and that the delay between 2015 and 2018 is "cruel & inhumane."  *Id*. at 5.

Liberally construed, these allegations plausibly suggest that defendant Director John Doe was personally involved in the alleged violation of plaintiff's Eighth Amendment rights. *See Harrison v. Barkley*, 219 F.3d 132, 137-38 (2d Cir. 2000) (noting that "a tooth cavity" may present a "serious medical need" if neglected for a significant period of time and that "a one-year delay in treating a cavity can evidence deliberate indifference on the part of prison officials").

Accordingly, and mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see e.g. Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that plaintiff's Eighth Amendment medical

indifference claim against defendant Director John Doe survives sua sponte review and requires a response. In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed dispositive motion.

### 2. Remaining Medical Indifference Claims

In addition to re-asserting his medical indifference claim against defendant Director John Doe, plaintiff also reasserts his medical indifference claims against defendants Johnson and Calley based on the same allegations as set forth in the original complaint, as well as additional allegations. *Compare* Compl. *with* Am. Compl.

The Court found in the February 2018 Order that these claims survived sua sponte review and required a response. *See* February 2018 Order at 8-9. For the reasons set forth in the February 2018 Order, these claims once again survive sua sponte review and require a response.

### 3. Assistance in Identifying Defendant John Doe

Although plaintiff's Eighth Amendment medical indifference claim against defendant Director John Doe has survived sua sponte review, plaintiff indicates that he cannot identify this defendant by name, and has made efforts to do so, including submitting a "F.O.I.L. request." *See* Am. Compl. at 5. In light of the foregoing, the Clerk shall send a copy of the amended complaint and this Decision and Order to the New York State Attorney General's Office. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Court requests that the New York State Attorney General's Office attempt to ascertain the full name of the John Doe defendant plaintiff seeks to sue herein.[1] The Attorney General's Office is

---

[1] In *Valentin*, 121 F.3d at 75-75, the Second Circuit held that district courts must assist pro se incarcerated litigants with their inquiry into the identities of unknown defendants.

also requested, to the extent that it is able to identify this John Doe defendant, to provide the address where the defendant can currently be served.  The Attorney General's Office need not undertake to defend or indemnify this individual at this juncture.  This order merely provides a means by which plaintiff may name and properly serve defendant Director John Doe as instructed by the Second Circuit in *Valentin*.

The New York State Attorney General's Office is hereby requested to produce the information specified above, to the extent that it can, regarding the identity of Director John Doe within thirty (30) days of the filing date of this Decision and Order.  The information should be sent to the Clerk of the Court for the Northern District of New York along with a copy of this Decision and Order, as well as to plaintiff at his address of record.  Once this information is provided, the Clerk shall return this file to the Court for further review.

### C.    Appointment of Counsel

In his amended complaint, plaintiff asks the Court to appoint counsel because he is "finding it hard to keep the focus" due to "ill health" and "daily medications," and also experiencing difficulty "ambulat[ing] to the law library due to the many stairs [at Clinton C.F.]" and the "very painful" tumors on his feet.  Am. Compl. at 5.

Plaintiff's request, contained in his amended complaint, does not comport with the Local Rules of Practice in this District regarding motion practice.  *See* N.D.N.Y.L.R. 7.1(a)(1), (2).  In any event, there is no right to appointment of counsel in civil matters.  *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994).  Title 28 of United States Code Section 1915 specifically provides that a court may request an attorney to represent any person "unable to afford counsel."  28 U.S.C. § 1915(e)(1).  Appointment of counsel must be done carefully in order to preserve the "precious commodity" of volunteer lawyers for those litigants who truly

need a lawyer's assistance. *Cooper v. A. Sargenti, Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a motion. In deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination. *See id.* at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)); *Sawma v. Perales*, 895 F.2d 91, 95 (2d Cir. 1990). Among these are

> [t]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason ... why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 61. None of these factors are controlling, however, and each case should be decided on its own facts. *Id*.

This action was only recently commenced. The defendants have not yet responded to the allegations contained in plaintiff's amended complaint, and the main facts upon which this Court may base its decision as to whether this lawsuit is of substance are those portions of plaintiff's amended complaint wherein he states the facts surrounding his claims. Where a plaintiff does not provide a Court with evidence, as opposed to mere allegations, relating to his or her claims, such party does not meet the first requirement imposed by the Second Circuit relative to applications seeking appointment of pro bono counsel. *See Harmon v. Runyon*, No. 96-CV-6080, 1997 WL 118379 (S.D.N.Y. Mar. 17, 1997).

7

In addition, at this stage of the proceeding, the dispute in this case appears to be limited to the adequacy of medical care plaintiff received, which is not an overly complex issue. Moreover, the record currently before the Court indicates that plaintiff has an ability to investigate pertinent facts and present his case.

In light of the foregoing, the Court denies plaintiff's request for counsel without prejudice. After the defendants have responded to plaintiff's amended complaint with respect to the claims that have survived initial review, plaintiff may renew his request for appointment of counsel by way of a properly filed motion, at which time the Court might be better able to determine whether such appointment is warranted in this lawsuit. Plaintiff, however, is advised that any motion for appointment of counsel must be accompanied by documentation that substantiates plaintiff's efforts to obtain counsel from the public and private sector.

**D.    Letter Motion**

In reviewing the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court has considered the exhibits attached to the amended complaint, which are the same as the exhibits attached to plaintiff's Letter Motion. Accordingly, plaintiff's Letter Motion is denied as moot.

**III.    CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint (Dkt. No. 20) is accepted for filing and is the operative pleading; and it is further

**ORDERED** that plaintiff's Eighth Amendment medical indifference claims against defendants Director John Doe, Johnson, and Calley survive sua sponte review and require a response; and it is further

**ORDERED** that all remaining claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that defendant Medical Escort Officer John Doe is terminated as a defendant; and it is further

**ORDERED** that the Clerk shall issue summonses and forward them, along with copies of the amended complaint, to the United States Marshal for service upon defendants Calley and Johnson with respect to the remaining claims against them. The Clerk shall forward a copy of the summons and amended complaint by mail to the Office of the New York State Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that a response to plaintiff's amended complaint be filed by defendants Calley and Johnson as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that, to the extent possible, the New York State Attorney General's Office is hereby requested to produce the information specified above regarding the identity of defendant Director John Doe **within thirty (30) days** of the filing date of this Decision and Order. Upon receipt of a response from the New York State Attorney General's Office, as directed above, the Clerk shall return this file to the Court for further review; and it is further

**ORDERED** that plaintiff continue to take reasonable steps, through discovery, to ascertain the identity of Director John Doe, and, if appropriate, file a motion to amend his amended complaint seeking permission to add such individual, by name, as a defendant to this lawsuit; and it is further

**ORDERED** that plaintiff's request for appointment of counsel is **DENIED without**

**prejudice** to renew at some future time for the reasons stated above; and it is further

 **ORDERED** that plaintiff's Letter Motion (Dkt. No. 17) is **DENIED as moot**; and it is further

 **ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court.  **Plaintiff is also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so may result in the dismissal of this action**; and it is further

 **ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: March 30, 2018

Thomas J. McAvoy
Senior, U.S. District Judge