```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
```
─────────────────────────────

ERNEST MATTISON,
                       Plaintiff,

      v.                                          9:17-CV-1198 (TJM/ATB)

V. JOHNSON, et al.,
                       Defendants.

─────────────────────────────

APPEARANCES:

ERNEST MATTISON
09-A-3287
Sullivan Correctional Facility
Box 116
Fallsburg, NY 12733

HON. LETITIA JAMES                  BRIAN W. MATULA, ESQ.
New York State Attorney General     Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

THOMAS J. McAVOY
Senior United States District Judge

## DECISION AND ORDER

## I. INTRODUCTION

Plaintiff Ernest Mattison commenced this action by filing a pro se complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 12 ("IFP Application"). Presently before the Court is a motion to dismiss the claims in plaintiff's second amended complaint against defendants Marra and Dawson for failure to state a claim pursuant to Fed. R. Civ. P.

12(b)(6), and plaintiff's motion to amend his second amended complaint, together with a proposed third amended complaint. Dkt. No. 54 ("Motion to Dismiss"); Dkt. No. 70 at 1 ("Motion to Amend"); Dkt. No. 70 at 2-8 ("Prop. TAC"). Defendants have opposed plaintiff's Motion to Amend, and plaintiff has opposed defendants' Motion to Dismiss. *See* Dkt. No. 76 ("Opposition to the Motion to Amend"); Dkt. No. 78 ("Opposition to the Motion to Dismiss").

## II.   PROCEDURAL HISTORY

By Decision and Order filed February 21, 2018, plaintiff's IFP Application was granted, and following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), some of plaintiff's claims and defendants were dismissed, and the Court directed service and a response for the claims that survived sua sponte review. Dkt. No. 13 (the "February 2018 Order"). Thereafter, plaintiff submitted an amended complaint. Dkt. No. 20.

By Decision and Order filed March 30, 2018, and following review of the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court, among other things, accepted the amended complaint for filing as the operative pleading, and directed service and a response for the claims that survived sua sponte review, which included an Eighth Amendment medical indifference claim against "John Doe, Director of Dental Care at Clinton Correctional Facility." Dkt. No. 21 (the "March 2018 Order"). The Court also requested, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), that the New York State Attorney General's Office attempt to ascertain the full name of the "John Doe" defendant. *See id.* at 5-6.

Counsel for defendants subsequently submitted two Status Reports in an effort to assist plaintiff in identifying defendant "John Doe, Director of Dental Care, Clinton Correctional Facility." *See* Dkt. No. 26 ("First Status Report"); Dkt. No. 36 ("Second Status

2

Report").[1] By Order filed June 11, 2018, plaintiff was directed to review the Second Status Report and, to the extent he was able to do so, submit a proposed second amended complaint which substituted the named defendant in place of the "John Doe" defendant, and made any other corrections necessary. *See* Dkt. No. 40.

Thereafter, plaintiff submitted a proposed second amended complaint in which he added allegations regarding the Assistant Dental Director for the New York State Department of Corrections and Community Supervision ("DOCCS") and identified the "Doe" defendant as "W. Dawson, Assistant Dental Director," and "E. Mirra, Regional Dental Director." *See* Dkt. No. 47 ("SAC"). By Decision and Order filed July 23, 2018, the Court accepted the proposed second amended complaint for filing, directed the Clerk to add as defendants W. Dawson, Assistant Dental Director, and E. Marra, Regional Dental Director, and found that plaintiff's Eighth Amendment medical indifference claims against defendants Dawson, Marra, Johnson, and Calley survived sua sponte review and required a response. Dkt. No. 48 ("July 2018 Order").

Following the issuance of the July 2018 Order, defendants Johnson and Calley submitted an answer to the second amended complaint, and defendants Dawson and Marra filed their Motion to Dismiss. *See* Dkt. No. 50 ("Johnson and Calley Answer"); Motion to

---

[1] The First Status Report noted, among other things, that "[t]here is no Director of Dental Care assigned only to Clinton Correctional Facility; DOCCS has a Regional Dental Director who is charged with overseeing nine (9) DOCCS facilities -- one of which is Clinton Correctional Facility; [and] [t]he Regional Dental Director is Dr. E. Marra[.]" Plaintiff responded to the First Status Report by letter dated May 5, 2018, in which he stated, among other things, that "each facility has a Dental Services Director" pursuant to a New York State Department of Corrections and Community Supervision Policy, and that he does not believe the individual named in the Status Report is the "Dental Services Director[.]" *See* Dkt. No. 28. Plaintiff further indicated that defendant "John Doe, Director of Dental Care, Clinton Correctional Facility" is the person who "answered" his grievance number CL-7068-16. *Id*. The Second Status Report noted that "[t]he 'Dental Director' who is referenced in the CORC determination dated November 8, 2017 that is annexed to the Plaintiff's Amended Complaint is a reference to Mr. W. Dawson . . . [who] is an Assistant Dental Director for DOCCS . . . charged with reviewing grievances appealed to CORC that concern dental treatment."

3

Dismiss. Thereafter, plaintiff requested, and was granted, certain discovery regarding his dental claim that is the subject of the Motion to Dismiss. *See* Dkt. No. 67 ("Letter Motion Seeking Discovery"); Dkt. No. 68 ("Order Regarding Plaintiff's Letter Motion Seeking Discovery").

In lieu of opposing the Motion to Dismiss, plaintiff filed his Motion to Amend, together with a proposed third amended complaint. *See* Motion to Amend; Prop. TAC. For the following reasons, the Court grants plaintiff's Motion to Amend, accepts plaintiff's proposed third amended complaint as the operative pleading, and denies the Motion to Dismiss as moot.

### III. DISCUSSION

#### A. Plaintiff's Motion to Amend

##### 1. Relevant Legal Standard

The Federal Rules of Civil Procedure provide that courts "should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit has stated that "[t]his permissive standard is consistent with our strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F. 3d 208, 212-13 (2d Cir. 2011) (citation omitted). Leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000); *see also Couloute v. Ryncarz*, No. 11-CV-5986, 2012 WL 541089, at *3 (S.D.N.Y. Feb. 17, 2012) (quoting *Monahan*, 214 F.3d at 283). However, motions to amend "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving

4

party." *Burch v. Pioneer Credit Recovery, Inc*., 551 F.3d 122, 126 (2d Cir. 2008); *Monahan*, 214 F.3d at 283. An amendment is futile if the proposed claim could not survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Lucente v. Int'l Bus. Machines Corp*., 310 F.3d 243, 258 (2d Cir. 2002) (citing *Dougherty v. North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)). The decision to grant or deny a motion to amend is committed to the sound discretion of the trial court and the court's decision is not subject to review on appeal except for abuse of discretion. *Nettis v. Levitt*, 241 F.3d 186, 192 (2d Cir. 2001).

### 2. Summary of the Proposed Third Amended Complaint

Plaintiff's proposed third amended complaint contains allegations that are materially similar to the allegations in the second amended complaint, except that the proposed third amended complaint contains slightly different allegations regarding treatment defendant Nurse Practitioner Calley provided plaintiff, and additional allegations related to the personal involvement of defendants Dawson and Marra with respect to plaintiff's claim of inadequate dental care. *See* Prop. TAC at 6-7.[2] With respect to plaintiff's claims against defendants Dawson and Marra, the following facts are set forth as alleged by plaintiff.

---

[2] In his proposed third amended complaint, plaintiff expressly states "See Medical Record" in support of his allegation that his dental surgery has been delayed. *See* Prop. TAC at 5. There are no documents attached to plaintiff's proposed third amended complaint. However, plaintiff did attach exhibits to his Opposition to the Motion to Dismiss, which are comprised of defendants' disclosures, and labeled Exhibits A through Q. *See* Dkt. No. 78-1. Defendants sent plaintiff the Exhibits labeled A through N on or about January 10, 2019, after the Motion to Dismiss was filed. *See* Dkt. No. 69. Exhibits O, P, and Q bear bates numbers between the range of 694 and 770. Dkt. No. 78-1 at 19-22. These documents were sent to plaintiff on or about February 7, 2019. *See* Dkt. No. 72. Plaintiff's Motion to Amend and proposed third amended complaint were mailed to the Court on January 14, 2019. *See* Dkt. No. 70-1. Clearly, plaintiff was not in possession of Exhibits O, P, and Q when he submitted his Motion to Amend and proposed third amended complaint. Additionally, based on statements made by plaintiff in his opposition to the Motion to Dismiss, *see* Dkt. No. 78 at 1-2, and the timing of when defendants' initial disclosures and the Motion to Amend were mailed, it is also unclear whether plaintiff was in possession of Exhibits A through N when he submitted his Motion to Amend and proposed third amended complaint. For purposes of this Decision and Order, the Court will therefore consider the exhibits attached to the Opposition to the Motion to Dismiss as if they were attached to the proposed third amended complaint.

In 2013, one of plaintiff's teeth was "broken." Prop. TAC at 5. Following plaintiff's arrival at Clinton Correctional Facility in 2015, he filed "many grievances" about his tooth, which needed to be "removed from [his] mouth." *Id.* As of 2018, plaintiff's "painful tooth" still had not been removed. *Id.* The delay in removing plaintiff's tooth has caused plaintiff's gum to grow over the tooth. *Id.*

Defendant Dawson, as the Assistant Dental Director for DOCCS, and defendant Marra, as the Regional Dental Director, "were both fully aware of [plaintiff's] ongoing pain and years of discomfort[.]" Prop. TAC at 4, 7. Defendant Dawson responded to plaintiff's grievance #CL-70681-16, and noted that plaintiff is "scheduled to be seen by the oral surgeon in the near future." *Id.* at 7. This response "shows that [defendant Dawson] was made fully aware of the many years of delay in receiving dental care." *Id.* Defendant Marra also knew that plaintiff "needed a broken tooth removed since 2015" and was "personally involved in the constitutional deprivation by his gross negligence in supervising subordinates . . . [and] failing to act on information regarding the ongoing unlawful conduct . . . and creating and or allowing a policy or custom fostering the unlawful conduct." *Id.*

The proposed third amended complaint asserts all of the same claims that plaintiff asserted in the second amended complaint, against all of the same defendants in their individual capacities. *Compare* SAC *with* Prop. TAC.

For a complete statement of plaintiff's claims, reference is made to the proposed third amended complaint.

### 3. Analysis

In order to state an Eighth Amendment claim for inadequate dental care, a plaintiff must show that he had a serious dental condition, which was met with deliberate

6

indifference. *See Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000); *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). A serious dental condition exists where "the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Chance*, 143 F.3d at 702 (citing *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)). Specifically, "[a] cognizable claim regarding inadequate dental care . . . can be based on various factors, such as the pain suffered by the plaintiff . . . the deterioration of the teeth due to a lack of treatment . . . or the inability to engage in normal activities." *Chance*, 143 F.3d at 703 (citations omitted). "[B]ecause a tooth cavity will degenerate with increasingly serious implications if neglected over sufficient time, it presents a 'serious medical need' within the meaning of our case law." *Harrison*, 219 F.3d at 137. Similarly, courts have found that "a tooth with a lost filling, if neglected over time," may present a "serious dental need." *Jones v. Rock*, No. 9:12-CV-0447 (NAM/TWD), 2013 WL 4804500, at *1, *22-23 (N.D.N.Y. Sept. 6, 2013); *Hoover v. Hardman*, No. 9:99-CV-1855, 2005 WL 1949890, at *8 (N.D.N.Y. Aug.15, 2005) (finding an issue of fact as to whether a lost filling presented a serious dental need); *see also Avincola v. Marra*, No. 9:07-CV-127 (TJM/DRH), 2010 WL 1257925, at *3 (N.D.N.Y. Mar. 25, 2010) ("Plaintiff's abscessed tooth and the 'oral-antrum communication' into Plaintiff's palate caused by its extraction constitutes a serious injury because an unresolved dental condition such as this significantly affects daily activities and, if left untreated, could lead to other serious conditions."), *aff'd*, 416 Fed. App'x 119 (2d Cir. 2011); *Dabney v. Sawyer*, No. 9:11-CV-0273 (LEK/RFT), 2013 WL 5494074, at *10 (N.D.N.Y. Sept. 30, 2013) (noting that "a broken tooth may be considered sufficiently serious for purposes of stating a medical deliberate indifference claim . . . where [for example] the broken tooth causes extreme pain, and there is a likelihood, that if left

7

untreated, the condition of the tooth would degenerate or cause an inability to engage in normal activities").

The Court previously found in the March 2018 Order that the allegations in the amended complaint regarding inadequate dental care were sufficient to plausibly suggest that plaintiff suffered from a sufficiently serious dental need. *See* March 2018 Order at 4. Moreover, defendants do not appear to argue, either in their Motion to Dismiss or in their Opposition to the Motion to Amend, that plaintiff's allegations (either in his second amended complaint or proposed third amended complaint) fail to plausibly suggest that plaintiff suffered from a sufficiently serious dental need.[3] Accordingly, the Court finds that the allegations in the proposed third amended complaint regarding inadequate dental care are sufficient to plausibly suggest that plaintiff suffered from a sufficiently serious dental need at some point after his tooth broke.

With respect to the "deliberate indifference" prong, ordinarily, a plaintiff must show that defendants "knew of and disregarded plaintiff's serious medical needs." *Harrison*, 219 F.3d at 137 (quoting *Chance*, 143 F.3d at 703 (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). However, when a plaintiff asserts a medical indifference claim against a supervisory official based on a delay or denial of medical (or in this case dental) treatment, that official may also be deemed personally involved in the alleged constitutional violation "'if he or she (1) directly participated in the violation; (2) failed to remedy the violation after learning of it

---

[3] In their Opposition to the Motion to Amend, defendants argue that plaintiff's grievances fail to show that he complained of pain regarding his broken tooth. *See* Opposition to Motion to Amend at 5-8. Even assuming a state of pain cannot be inferred from plaintiff's grievances, whether or not plaintiff complained of pain associated with his allegedly broken tooth in grievances he submitted is not dispositive of whether or not plaintiff's allegedly broken tooth presented a sufficiently serious dental need. Furthermore, exhibits attached to plaintiff's Opposition to the Motion to Dismiss (and incorporated by reference in the proposed third amended complaint) appear to show that plaintiff complained of a worsening condition with respect to his teeth over time. *See* Dkt. No. 78-1 at 12-13.

8

through a report or appeal; (3) created a custom or policy fostering the violation or allowed the custom or policy to continue after learning of it; or (4) was grossly negligent in supervising subordinates who caused the violation.'" *Demata v. New York State Corr. Dep't of Health Servs.*, 198 F.3d 233 (2d Cir. 1999) (quoting *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997)); *see also Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir. 1995) (explaining that supervisory personnel may be considered "personally involved" in an alleged constitutional violation if any of the four factors recited in *Demata* are satisfied, or if the supervisory official "exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the violation was occurring"); *Brock v. Wright*, 315 F.3d 158, 165-66 (2d Cir. 2003) (explaining how deliberate indifference may be found on the basis of a medical treatment policy).[4]

Plaintiff has alleged that he filed "many grievances" regarding his tooth following his arrival at Clinton Correctional Facility in 2015. Prop. TAC at 5. Plaintiff identifies one of those grievances by a specific grievance number. *Id*. Plaintiff alleges that defendants Dawson and Marra were aware that plaintiff "needed a broken tooth removed since 2015." *Id*. at 7. Plaintiff further alleges that, as of 2018, this "painful tooth" still had not been removed. *Id*. at 5. In addition, exhibits attached to plaintiff's Opposition to the Motion to Dismiss (and incorporated by reference in the proposed third amended complaint) appear to

---

[4] The Second Circuit has not yet addressed how the Supreme Court's decision in *Iqbal* affected the standards articulated in *Colon* and *Demata* for establishing supervisory liability. *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (noting that *Iqbal* may have "heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations" but not reaching the impact of *Iqbal* on *Colon* because the complaint "did not adequately plead the Warden's personal involvement even under *Colon*); *see also Hogan v. Fischer*, 738 F.3d 509, 519 n.3 (2d Cir. 2013) (expressing "no view on the extent to which [*Iqbal* ] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations[.]" (citing *Grullon*, 720 F.3d at 139)). For purposes of this Decision and Order, the Court assumes that all five categories under *Colon* remain valid.

support these allegations and show as follows.

On or about November 1, 2015, plaintiff submitted a grievance seeking "dental care" to address fillings that had fallen out, chipped teeth, and other "work" identified as necessary by the dentist he last saw. Dkt. No. 78-1 at 1. On or about November 28, 2015, plaintiff submitted another grievance seeking "dental care" to request treatment for fillings that needed replacement and a broken tooth. *Id*. at 7. On or about February 22, 2016, plaintiff indicated in his "CORC Appeal" of his second grievance that he has "been trying to get fillings and a tooth pulled since July," and is "now getting holes in [his] teeth[.]" *Id*. at 13. On or about December 6, 2016, plaintiff submitted a third grievance requesting "adequate dental care as soon as possible" to address issues with holes in his teeth, one or more broken teeth, and an overall worsening condition. *Id*. at 13. Defendant Dawson reviewed these grievances and made recommendations in response to each, beginning with the first on April 6, 2016. *Id.* at 2, 10, 15. Defendant Marra separately reviewed these grievances beginning with the first on December 23, 2015. *Id*. at 19-20.

While discovery may reveal that defendant Dawson and/or defendant Marra did not become aware in late 2015 or early 2016 that plaintiff had a broken tooth that needed to be removed, plaintiff's allegation of their awareness of his dental needs during this period of time is certainly plausible in light of the documents incorporated by reference in the proposed third amended complaint. In addition, based on the positions allegedly held by defendants Dawson and Marra at the times relevant to this action, the Court finds it plausible that these officials could have accelerated, or contributed to a delay in, plaintiff's access to dental treatment regarding his broken tooth.[5] The allegations in the proposed third amended

---

[5] Of course, discovery may reveal this inference to be incorrect.

complaint also plausibly suggest that the removal of plaintiff's broken tooth was delayed by roughly one year (or more) from the time defendants Dawson and Marra became aware of plaintiff's first complaint.[6] Thus, for purposes of analyzing the sufficiency of the proposed third amended complaint under the more liberal notice pleading standard, the Court finds that plaintiff has made a plausible showing of deliberate indifference on the part of defendants Dawson and Marra. *See also Washington v. Farooki*, No. 9:11-CV-1137, 2013 WL 3328240, at *1, 7 (N.D.N.Y. Jul 2, 2013) (letters from plaintiff to defendant dentist complaining of severe pain and the need for dental treatment, in conjunction with defendant's silence, found to create factual issue as to whether defendant intentionally delayed plaintiff's care).

Based on the foregoing, plaintiff's Motion to Amend is granted.

**B.     Defendants' Motion to Dismiss**

In light of plaintiff's filing of the proposed third amended complaint, and the Court's determination that the proposed third amended complaint states an Eighth Amendment claim for relief against defendants Dawson and Marra, defendants' Motion to Dismiss is denied as moot. *Cf. Jose Luis Pelaez, Inc. v. McGraw-Hill Glob. Educ. Holdings LLC*, No. 16-CV-5393, 2018 WL 1115517, at *6 (S.D.N.Y. Feb. 26, 2018) ("Because the Court grants Plaintiffs' motion to amend their Second Amended Complaint, the parties' motions for partial summary judgment are DENIED as moot." (citing *Travelers Cas. v. Dipizio Constr. Co.*, No. 14-CV-576, 2016 WL 3476448, at *3 (W.D.N.Y. June 21, 2016) (explaining that "courts in this circuit

---

[6] Plaintiff alleges that the delay lasted into 2018. Prop. TAC at 5. One of plaintiff's exhibits appears to show that defendant Marra extracted one of plaintiff's teeth on February 22, 2017, and scheduled plaintiff for an extraction of a different tooth on that same date. Dkt. No. 78-1 at 19. Another exhibit appears to show that plaintiff had a second tooth extracted on May 17, 2017, and was scheduled for additional oral surgery "in the near future." *Id*. at 15. It also appears plaintiff had additional teeth extracted by an oral surgeon on October 10, 2018. *Id*. at 18, 22; Dkt. No. 78 at 5; Dkt. No. 77 at 5. Thus, the exact nature of the alleged delay is unclear. In addition, discovery may reveal that any delay in treatment was a result of plaintiff's own doing, inadvertent failures, or negligence rather than deliberate indifference.

11

routinely deny summary judgment motions as moot, or even vacate prior grants of summary judgment, when the motion was based on a complaint that has been rendered legally inoperative," even in cases where "the amended complaint and the original complaint are the same or substantially similar")).

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's Motion to Amend (Dkt. No. 70) is **GRANTED**; and it is further

**ORDERED** that the Clerk is directed to file the proposed third amended complaint (Dkt. No. 70 at 2-8) as the third amended complaint in this action. The third amended complaint will supersede and replace the previously filed second amended complaint and will be the operative pleading; and it is further

**ORDERED** that a formal response to plaintiff's third amended complaint be filed by the defendants, or their counsel, as provided for in Rule 12 of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that defendants' Motion to Dismiss (Dkt. No. 54) is **DENIED** as moot; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: April 3, 2019

Thomas J. McAvoy
Senior, U.S. District Judge